Dear Mr. Rodrigue:
On behalf of the City of Covington, you have requested the opinion of this office regarding the use of sales tax proceeds. Specifically, you ask if sales tax proceeds dedicated to "capital improvements" may be used for the purchase of police cars, the mayor's car, and other equipment to operate City Hall. Since receiving your request, I have been advised by Mayor Villere that the City would also like to use these funds for police computers and armored vests. The mayor has also advised that the sales tax revenues will not be utilized to purchase a vehicle for him, as he has recommended to the City Council that funds appropriated for his car should be used to repair the City's swimming pool.
The proposition providing for the sales and use tax states that the proceeds, after funding and making payments on the bonds provided for by the ordinance, shall be utilized:
 "for the purpose of purchasing, constructing, acquiring, extending or improving the public works or capital improvements for said City described below . . . the avails or proceeds of said tax [to] be allocated monthly as follows:
 First, an amount equal to forty percent (40%) of the proceeds for such month for the construction, operation and maintenance of the following in the percentages of the total avails or proceeds of such tax set forth below:
 1. Recreation Facilities and Equipment — Fifteen percent (15%);
2. Street and Drainage — Ten percent (10%);
 3. Central Business District Municipal Services and Capital Improvements — Ten percent (10%); and
 4. Police Facilities and Equipment — Five percent (5%);
 with the remainder (not exceeding 60%) of the Proceeds for such month being allocated for constructing, acquiring, extending and improving the following public works or capital improvements as established and set forth in the City's then current capital budget adopted after public hearings held in the manner required by the Home Rule Charter of said City:
a. Sewerage Facilities and Systems;
b. City Hall Improvements;
c. Sanitary Landfill Improvements;
d. Police Stations;
e. Drainage Improvements;
f. Streets and Bridges;
g. Firefighting Facilities and Equipment;
h. Recreational Facilities and Equipment;
i. Other capital improvements as needed;
 and the necessary sites, equipment and furnishings therefor, title to which shall be in the public."
In your letter, you ask for clarification of Attorney General opinions number 75-1601 and 74-461. These Attorney General opinions were cited by the Legislative Auditor's General Counsel as the basis for his opinion that: "the terms `capital improvement' and `equipment' as this latter term is used in connection with capital improvements, as set forth in the sales tax proposition for the City of Covington, do not envision the purchase of an automobile." We disagree with that characterization.
Opinion 74-461 states, in pertinent part:
 "There is no definitive ruling by a court of this state, nor is there any statutory provision specifically delineating what type of equipment is a capital improvement for all purposes. Specific acts can and do limit what capital improvement funds can be used for . . . Absent any clear definition or guideline as to what capital improvement bond proceeds may be spent for, the legislative intent should govern. It is the opinion of this office that capital improvement bond proceeds may be spent for any purpose reasonably calculated to further the capital improvement project authorized by the bond act, such as not to thwart the obvious will of the Legislature. Admittedly, this test is a very subjective one . . . no objective guide is available."
 This office reaffirms Opinion No. 74-461. We note that that opinion does not profess to define "capital improvements", nor does it exclude "equipment" from that definition. We also reaffirm Opinion No. 75-1601, but note that same should not be relied upon as anything more than an application of the subjective test set forth in 74-461 to a specific proposition. Opinion No. 75-1601 should be limited to the particular sales and use tax proposition opined upon therein.
The laws of the State of Louisiana offer guidance as to the use of sales tax proceeds. According to R.S. 33:2711, an ordinance imposing a sales and use tax may be adopted by the governing authority only after the question of the imposition of the tax has been submitted to the qualified electors and a majority of those voting have voted for the proposition imposing the tax.
R.S. 33:2714 provides:
 "The ordinance imposing said tax, and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes." (Emphasis added)
R.S. 33:2723 provides, in pertinent part:
 "Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof." (Emphasis added)
It is our opinion that each sales and use tax ordinance must be scrutinized carefully to determine the will of the electorate. When the meaning of terms used therein is obscure or difficult to interpret, the proposition should be subscribed a meaning which will effectuate what appears to have been the meaning of the electorate.
The ordinance in question uses any number of terms to describe expenditures which can only be made from capital funds, i.e., funds which are not to be used for maintenance or repairs. The words "capital improvements" are used therein in a number of different ways: "public works or capital improvements"; "Central Business District Municipal Services and Capital Improvements"; and "Other capital improvements as needed; — and the necessary sites, equipment and furnishings therefor . . ."
Further, the opinion also uses the term "improvements" without the modifier "capital", specifically: "City Hall Improvements; "Sanitary Landfill Improvements"; and "Drainage Improvements".
We also note that the phrases "Firefighting Facilities and Equipment" and "Recreational Facilities and Equipment" are included in a list of items referred to in the sentence which precedes those words as "the following public works or capital improvements".
It is the opinion of this office that the term "capital improvements" as used in the proposition includes equipment reasonably calculated to further the projects authorized by the electorate. As used in this proposition, the term "capital improvements" should be treated as synonymous with "capital expenditures". As such, the revenues derived from the above quoted proposition can be used for the purchase of equipment to operate City Hall, police automobiles, computers and armored vests.
As with Attorney General opinion 75-1601, our interpretation of the use of the term "capital improvements" is limited to the proposition opined upon herein.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv
cc: Honorable Keith J. Villere, Mayor